IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

OCT 2 0 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr137 |
| | ) | |
| BRUCE LEE SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegation in the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt:

1. In or about late November 2015, law enforcement officers became aware of a computer user operating at Internet Protocol (IP) address 108.39.125.218 who was sharing suspected images of minors engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2), via the Internet.

2. This fact was discovered by a special agent with the criminal investigations branch of the Department of Homeland Security. Working in an online undercover capacity, the special agent connected to the Internet to conduct searches on the ARES file-sharing network, which is a type of peer-to-peer file-sharing.

3. The ARES file-sharing network is an open source, public file-sharing network. Users who want to share files via the ARES network download the applicable software from the Internet and install it on their computer.

4. The user is permitted to establish various settings that, among other things, designate the location of one or more directories or folders whose contents (computer files) are



made available to other ARES users to download. ARES requires its users to establish or designate a shared folder.

5. ARES allows users to search the entire ARES network for the type of file the user is interested in. When a search is conducted, the network will provide the user with a list of other users who told the network – by virtue of the network having access to the users' shared folders – that they have the type of file being searched for. The file can then be downloaded from a user who has the file.

6. Homeland Security Investigations ("HSI") maintains a list of files, called "files of interest," that have been identified as child pornography, based on the definitions found in 18 U.S.C. § 2256. Each file contains a digital fingerprint, called a secure hash algorithm ("SHA1") based on its content that facilitates the identification of the file. When law enforcement scans file-sharing networks, its computer software can detect those distinct digital fingerprints as well as the IP address of the user sharing them.

7. On or about November 30, 2015, a special agent with HSI identified child pornography files, based on their SHA1 value, being distributed by file-sharing on the ARES network that matched files on the files of interest list. The special agent downloaded a video file containing child pornography, based on the definitions found in 18 U.S.C. § 2256, from the computer utilizing the IP address 108.39.125.218.

8. On or about December 1, 2015, and December 9, 2015, additional video files containing child pornography were downloaded from a computer utilizing the same IP address noted above.

9. On December 22, 2015, after determining through publicly available databases that the identified IP address was administered by Verizon Online, a subpoena was issued to Verizon





Online requesting subscriber information for the account associated with the IP address 108.39.125.218.

10. On January 5, 2016, Verizon Online reported that during the timeframe of November 18, 2015, through December 18, 2015, the account belonged to a subscriber at a particular address on Joshua Drive in Virginia Beach, Virginia.

11. On July 29, 2016, a magistrate judge in Norfolk, Virginia, authorized a search of the residence on Joshua Drive. On August 2, 2016, a search of the premises was executed. Investigators seized several pieces of computer equipment including the following: one (1) HP laptop bearing serial number CNF0059D8D. This HP laptop was found in a converted garage which is used as a bedroom by BRUCE LEE SCOTT. The laptop was examined on-scene by a computer forensics agent. It was found to have images of child pornography on the hard drive.

12. On the day of the search, one of the individuals residing at Joshua Drive told law enforcement agents that the laptop was owned by BRUCE LEE SCOTT. Mr. SCOTT was not present during the search.

13. On August 4, 2016, SCOTT contacted law enforcement agents and agreed to meet with them. Later, SCOTT showed up at the Norfolk HSI office and consented to an interview with federal agents.

14. During the interview, SCOTT stated that he had used file-sharing software known as ARES on one of his computers. He told agents that the HP laptop in the converted garage belonged to him. He also stated that he downloaded pornography using ARES that might get him in trouble. He further stated that he would view images or videos of girls who were approximately 5 to 10 years old. He also said that there might be 50 – 100 files of child pornography that he had downloaded from ARES saved on that laptop. SCOTT said that he used certain search terms on

3

ARES to find and download child pornography files. He also moved some of those files to a specific Windows folder that he created.

15. Computer devices seized from SCOTT's residence later were made subject to forensic examination in a controlled setting. Forensic analysts found that the HP laptop contained approximately 1,079 still images and 46 video files of child pornography. Some of these images and videos had been identified by law enforcement in other cases and had been confirmed as child pornography. Of these totals, approximately 13 image or video files depicted prepubescent minors. Approximately 9 image or video files depicted children engaged in sadistic or masochistic behavior.

16. Specifically, the investigation revealed that on or about April 10, 2016, in Virginia Beach, Virginia, which is in the Eastern District of Virginia, the defendant BRUCE LEE SCOTT knowingly received a visual depiction bearing the file name: "! new ! (pthc)veronika pthc 2007 nuevo 2 nenas 1(2).mpg.wm." The visual depiction was of two prepubescent females, one completely naked and one wearing a t-shirt with her genitalia exposed, masturbating with a device. This file was received using a means and facility of interstate and foreign commerce, that is, the internet, using a computer that was manufactured outside of the commonwealth of Virginia.

17. Child pornography means photographs, videos, or other visual depictions of actual persons under the age of eighteen engaged in sexually explicit conduct, including the lascivious display of the genitals.

18. The internet is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Randy C. Stoker
Assistant United States Attorney

*United States v. BRUCE LEE SCOTT, 2:16cr137*

After consulting with my attorney and pursuant to the Plea Agreement entered into this day between myself, defendant BRUCE LEE SCOTT, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
BRUCE LEE SCOTT

I am BRUCE LEE SCOTT's attorney. I have carefully reviewed the above Statement of Facts with my client. To my knowledge, my client's decision to stipulate to these facts is an informed and voluntary one.

_____
Amanda Conner
Counsel for Defendant